IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ERIC TYRONE BRADFORD,

    **Petitioner,**

v.                                                Case No. 22-CV-0458-JFH-SH

CHRISTE QUICK,[1]

    **Respondent.**

## OPINION AND ORDER

Petitioner Eric Tyrone Bradford, a self-represented Oklahoma prisoner,[2] petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, to challenge his custody under the judgment and sentence entered against him in Tulsa County District Court Case No. CF-2016-2502. Respondent Christe Quick moves to dismiss the petition, alleging Bradford did not file it within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations and, in the alternative, that he did not satisfy 28 U.S.C. § 2254(b)(1)(A)'s requirement that he exhaust available state remedies before seeking federal habeas review of his federal claims. For the following reasons, the Court GRANTS in part and DENIES in part Quick's motion to dismiss and DISMISSES Bradford's petition.

I.

Following a jury trial, Bradford was convicted of first-degree murder, possession of a

---

[1] The Court substitutes Christe Quick, Warden of the Oklahoma State Penitentiary, in place of the OSP's former warden, Jim Farris. Fed. R. Civ. P. 25(d); Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

[2] Because Bradford appears without counsel, the Court liberally construes his filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not take on the role of advocate by crafting legal arguments on his behalf or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

firearm after former conviction of two or more felonies, and feloniously pointing a firearm. Dkt. No. 16-3 at 1.[3] The trial court adopted the jury's sentencing recommendations, sentenced Bradford to life imprisonment without parole for the murder conviction and to life imprisonment as to each firearm conviction, and ordered the sentences to be served consecutively. *Id.* Bradford filed a direct appeal raising two claims: (1) the trial court erroneously admitted evidence of a recorded jail phone call; and (2) the trial court committed reversible error by admitting an investigating officer's opinion testimony. *Id.* at 6-8. The Oklahoma Court of Criminal Appeals ("OCCA") denied relief as to both claims and affirmed Bradford's judgment and sentence on March 7, 2019. *Id.* at 6-9. Bradford did not file a petition for writ of certiorari in the United States Supreme Court. Dkt. No. 1 at 3.

On December 18, 2019, Bradford filed Motion to Checkout Transcripts, but nothing in the record indicates that the state district court took any action on this motion. Dkt. No. 16-13; Dkt. No. 16-1 at 22. Nearly five months later, on May 1, 2020, Bradford filed a second Motion to Checkout Transcripts and a "Request for Stay and Abeyance of Proceedings on Petition for Post Conviction Relief [and] Writ of Habeas Corpus." Dkt. No. 16-14; Dkt. No. 16-15. After receiving a response to the second Motion to Checkout Transcripts, the state district court denied that motion on June 15, 2020. Dkt. No. 16-16.[4]

Just over four months later, on October 27, 2020, Bradford filed an application for postconviction relief. Dkt. No. 16-4. Relying on *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020),

---

[3] The Court's citations refer to the CM/ECF header pagination.

[4] Bradford filed a notice of intent to appeal after the state district court denied his Second Motion to Checkout Transcripts, and the clerk of the district court filed a notice indicating the record on appeal was complete, but nothing in the record shows that Bradford perfected an appeal. Dkt. No. 16-1 at 22-23; Dkt. 1-1 at 10.

2

Bradford argued that the State of Oklahoma did not have jurisdiction to prosecute him for murdering an Indian victim within the boundaries of the Cherokee Nation Reservation. *Id.* Represented by counsel, Bradford amended his application for postconviction relief on January 6, 2021, supplementing his arguments as to the Indian-country jurisdiction claim. Dkt. No. 16-5. The state district court denied Bradford's application on August 27, 2021,[5] and the OCCA affirmed the denial of postconviction relief on January 21, 2022. Dkt. No. 16-8; Dkt. No. 16-12.

About nine months later, on October 20, 2022, Bradford filed the Petition and a Request for Stay and Abeyance of Proceedings on Petition for Post Conviction Relief [and] Writ of Habeas Corpus ("Motion to Stay"). Dkt. No. 3.[6]

## II.

Bradford identifies three claims in the Petition. First, he claims he was denied his Sixth Amendment right to the effective assistance of counsel, as interpreted in *Strickland v. Washington*, 466 U.S. 668 (1984). Dkt. No. 1, at 5. In support of this claim, Bradford alleges his trial attorneys provided constitutionally deficient representation by: (1) failing to investigate or present at trial evidence that a State witness, Lottie Anne Mosley, was a convicted felon; (2) failing to call any defense witnesses; (3) advising Bradford not to testify; (4) failing to investigate or present evidence

---

[5] The state district court initially granted Bradford's application for postconviction relief on April 8, 2021, but that court stayed its order granting relief on April 9, 2021, pursuant to the [OCCA's] recall of the mandate in *Bosse v. State*, PCD-2019-124." Dkt. No. 16 at 3. On April 29, 2021, the federal government initiated a criminal proceeding against Bradford, in N.D. Okla. Case No. 21-CR-234-GKF, based on the same conduct that resulted in the judgment and sentence he challenges through this habeas action. Dkt. No. 16-6; Dkt. No. 16-7. On October 4, 2021, after the state district court denied Bradford's application for postconviction relief, this court dismissed Bradford's federal criminal case. Dkt. No. 16-9; Dkt. No. 16-10.

[6] Bradford filed a Supplement to the Petition on January 6, 2023 ("Supplement"). Dkt. No. 10. The Supplement reasserts the same arguments Bradford makes in the Petition but does not identify any new claims.

that Bradford had been in a car accident in 2014 and had been diagnosed with post-traumatic stress disorder and depression in 2015; (5) failing to present evidence that a State witness, Leon Goree, had dementia and failing to otherwise challenge Goree's credibility; (6) failing to present evidence at trial that the victim was a convicted felon on probation; and (7) failing to object when the prosecutor presented irrelevant gang expert testimony. Dkt. No. 1-1 at 1-4, 6-8; Dkt. No. 10 at 1, 3, 5. Bradford further alleges appellate counsel provided constitutionally deficient representation by failing to "read discovery" and find and present meritorious claims. Dkt. No. 1-1 at 6-7; Dkt. No. 10, at 2.[7] Bradford states in the Petition that he did not raise this claim in his direct appeal or any state postconviction proceedings because "Ineffective Assistance isn't raised until Habeus [sic]." Dkt. No. 1 at 6-7.

Second, Bradford claims the prosecutor violated his Fourteenth Amendment right to due process by withholding exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and by committing other prosecutorial misconduct at trial. Dkt. No. 1 at 7. Bradford specifically alleges the prosecutor: (1) withheld exculpatory evidence of Mosley's prior felony conviction and of "Season 16 Episode 17 of the television show First 48hrs"; (2) introduced "unnecessary gang expert testimony"; (3) did not call "first arriving officers on the scene" as witnesses; and (4) did not present evidence that Goree had dementia. Dkt. No. 1-1 at 1-4, 7-8; Dkt. No. 10 at 4-6. Bradford states in the Petition that he did not raise this claim in his direct

---

[7] Bradford also alleges he was denied effective assistance of counsel during state postconviction proceedings and federal criminal proceedings. Dkt. No. 1-1 at 1, 5; Dkt. No. 10 at 2, 7-9. But the Court disregards these allegations because, even if true, they would not support a claim for relief under § 2254. *See* 28 U.S.C. § 2254(a) (authorizing federal courts to consider a state prisoner's claims alleging that he or she is in *state* custody, pursuant to a judgment entered in a *state* court, in violation of federal law); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during . . . State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

4

appeal or any state postconviction proceedings because he "never received discovery from trial lawyers [and] didn't know info[rmation] existed or facts [un]til [he] received disc[overy] from Fed. Att. Donald Morrison in Aug. 2021." Dkt. No. 1 at 8-9.

Third, Bradford claims the trial court abused its discretion. Dkt. No. 1 at 9. In support of this claim, he alleges the trial judge: (1) knew about Mosley's prior felony conviction and did "not bring it to light"; (2) permitted the prosecutor to present only part of Goree's preliminary hearing testimony when the entirety of that testimony would have shown that Goree had a "jumbled recollection" of the facts; (3) allowed the lead detective officer "leverage" to offer opinion testimony but did not declare a mistrial; and (4) "overstep[ed] her jurisdictional boundaries" by referring Bradford's case for federal prosecution. Dkt. No. 1-1 at 2-3, 7-8; Dkt. No. 10 at 3-4, 6-7. Bradford states in the Petition that he did not raise this claim in his direct appeal or any state postconviction proceedings because the state district court denied the requests for transcripts he made in December 2019 and May 2020, he "was never given a copy of disc[overy] or record [un]til Fed. Att. Don Morrison in Case # 21CR234GKF," and "there was no way to" raise this claim without "a copy of the record or disc[overy]." Dkt. No. 1 at 10-11.

In the section of the Petition that refers to the one-year statute of limitations and asks whether the petition is timely, Bradford not only provides no response but also marks through that entire section with an "X." Dkt. No. 1 at 15-16.

In his Motion to Stay, Bradford asks this Court to stay this habeas proceeding and hold his Petition in abeyance because he "cannot move forward to postconviction relief without trial transcripts, preliminary hearing transcripts, etc.," and "can in no way factually back and present what few issue of legal merit he is aware of, without the full and complete benefit of his trial proceedings." Dkt. No. 3 at 1-4.

Quick moves to dismiss the Petition, arguing that Bradford's claims are barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations and, in the alternative, that Bradford failed to exhaust available state remedies, as required by 28 U.S.C. § 2254(b)(1). Dkt. Nos. 15; Dkt. No. 16. Quick opposes Bradford's Motion to Stay, arguing: (1) that his request for a stay appears moot given that Bradford alleges in the Petition that he received copies of the trial record from the attorney appointed to represent him in federal court; and (2) that Bradford has not identified any other circumstances that would support a stay. Dkt No. 17 at 1-4.

### III.

Quick first contends that the Petition should be dismissed as barred by the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). For most prisoners, the limitation period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Under some circumstances, the one-year limitation period may commence on later date. *Id.* § 244(d)(1)(B), (C), (D).

Regardless of which provision governs the commencement date, the limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "'[C]ollateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011). And an application for postconviction relief or other collateral review is "properly filed," for purposes of statutory tolling, "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." *Artuz v. Bennett*, 531

U.S. 4, 8 (2000). But a properly filed application for postconviction relief or other collateral review tolls the limitation period only if the applicant files it before the one-year limitation period expires. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). In assessing whether the statute of limitations bars relief, federal courts "apply § 2244(d)(1) on a claim-by-claim basis." *Burks v. Raemisch*, 680 F. App'x 686, 690 (10th Cir. 2017);[8] *see also Prendergast v. Clements*, 699 F.3d 1182, 1186-87 (10th Cir. 2012) (adopting claim-by-claim approach).

Because the AEDPA's one-year limitation period is not jurisdictional, federal courts may, in rare circumstances, toll the limitation period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Federal courts also may excuse noncompliance with the statute of limitations if the petitioner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

Applying § 2244(d)(1)(A), Bradford's judgment became final on June 5, 2019, when the time expired for him to seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Sup. Ct. R. 13.1. His one-year limitation period commenced the next day, June 6, 2019, and expired on June 6, 2020. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Bradford did not file the Petition until October 20, 2022, more than two years later. Thus, unless he can benefit from statutory or equitable tolling, show that a later commencement date applies as to one or more of his claims, or make a credible showing of actual innocence, Quick may be correct that all claims in the Petition are untimely and should be dismissed.

Quick contends, and the Court finds, that Bradford cannot benefit from statutory tolling of

---

[8] The Court cites the unpublished *Burks* decision, and other unpublished decisions herein, as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. Rule 32.1(A).

7

the one-year limitation period under § 2244(d)(1)(A) for two reasons. First, as Quick argues, Bradford filed two motions to check out transcripts and a motion for stay and abeyance—which sought a stay until Bradford could obtain the requested transcripts—during the one-year limitation period, but these were not tolling motions because they did not seek collateral review of his judgment or of any claim. Dkt. No. 16 at 5-6; *see Kholi*, 562 U.S. at 553 (concluding the phrase "collateral review," as used in § 2244(d)(2), "means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process"); *Sudduth v. Raemisch*, 532 F. App'x 823, 823 (10th Cir. 2013) (noting that "motions for transcripts and the like do not stop the limitations clock"); *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (agreeing with federal district court "that the limitations period should not be tolled during the pendency of [petitioner's] various motions for transcripts and petitions for writs of mandamus relating to those motions"). Second, as Quick contends, neither the application for postconviction relief Bradford filed in October 2020, nor any other motions, applications, or appeals he filed thereafter, tolled the limitation period because it had already expired in June 2020. Dkt. No. 16 at 6; *Clark*, 468 F.3d at 714.

In the Motion to Dismiss, Quick also addresses the possibility that Bradford's references to his receipt of the trial record and discovery is an attempt to argue that his one-year limitation period commenced in August 2021, under § 2244(d)(1)(D);[9] that he is seeking equitable tolling of the limitation period; and that Bradford asserts that he is "an innocent man" in an attempt to raise an actual-innocence gateway claim, under *Perkins*. Dkt. No. 16 at 6-11. Quick argues, however, that Bradford has not demonstrated either that a later commencement date applies or that his

---

[9] Under § 2244(d)(1)(D), the one-year limitation period commences on "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence."

8

circumstances warrant equitable tolling or application of *Perkins*'s equitable exception. *Id.* In response to the Motion to Dismiss, Bradford argues that his circumstances warrant equitable tolling, contends the record shows he diligently sought postconviction relief in state court, and argues that § 2244(d)(1)(B)[10] provides him a later commencing limitation period because "the State's excessive delay" in ruling on his motions for transcripts and his application for postconviction relief "became an impediment that intersected with [his] 1 year deadline for filing." Dkt. No. 18.

On the record presented, the Court finds it unnecessary to resolve the parties' disputes over whether some or all of Bradford's claims could or should be deemed timely under an alternative provision of § 2244(d)(1) or for equitable reasons because, as discussed next, Quick's alternative argument for dismissal of the Petition provides a clearer path to the same destination.

## IV.

Quick next argues that the Petition must be dismissed because Bradford did not exhaust available state remedies as to any claims raised in the Petition. Dkt. No. 16 at 11-15. The AEDPA requires state prisoners to "exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement, codified at 28 U.S.C. § 2254(b)(1)(A), requires a state prisoner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This is so because "[s]tate courts, like federal courts, are obliged to enforce federal law." *Id.* at 844. "Comity thus

---

[10] Under § 2244(d)(1)(B), the one-year limitation period begins on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review his claim and provide any necessary relief." *Id*.  To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.  In some cases, a state prisoner can avoid the exhaustion requirement by showing either: (1) that "there is an absence of available State corrective process" or (2) that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B); *see also Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (noting that federal courts "will not excuse a failure to exhaust state remedies in a 28 U.S.C. § 2254 action unless it is affirmatively shown that resort to them would be useless").

As previously stated, Bradford concedes that he did not exhaust available state remedies as to any of the three claims he raises in the Petition.  Dkt. No. 1 at 5-11.  The record fully supports this concession because it shows that Bradford presented three different claims in state court. Bradford presented two claims to the OCCA through a direct appeal: (1) the trial court erroneously admitted evidence of a recorded jail phone call; and (2) the trial court committed reversible error by allowing an investigating officer to offer opinion testimony.  Dkt. No. 16-3 at 6-8.  And he presented one claim to the OCCA through a postconviction appeal: (1) the State lacked authority to prosecute him for crimes he committed in Indian country.  Dkt. No. 16-12 at 1-2.  Thus, none of the claims he asserts in the Petition is exhausted.

Bradford cites two reasons for his failure to exhaust available state remedies.  None persuades this Court that dismissal is not appropriate.  First, Bradford contends he did not exhaust claim one because a claim alleging ineffective assistance of counsel "isn't raised until Habeas."

10

Dkt. No. 1 at 6-7. This is incorrect. Oklahoma law provides that ineffective-assistance-of-trial-counsel claims may, and ordinarily must, be raised on direct appeal and that ineffective-assistance-of-appellate-counsel claims may be raised in an application for postconviction relief. *See Fairchild v. Trammell*, 784 F.3d 702, 721 (10th Cir. 2015) ("Oklahoma provides a reasonable time to investigate a claim of ineffective assistance before raising it on direct appeal. A claim of ineffective assistance can be raised with the opening brief on appeal. And the brief can be accompanied by a request to supplement the record."); *Logan v. State*, 293 P.3d 969, 973 (Okla. Crim. App. 2013) ("Claims of ineffective assistance of appellate counsel may be raised for the first time on post-conviction, because it is usually a petitioner's first opportunity to allege and argue the issue."); *Sporn v. Oklahoma*, 139 P.3d 953, 953-54 (Okla. Crim. App. 2006) ("As with all other claims that could have been raised upon direct appeal, a claim of ineffective assistance of trial counsel, available at the time of a defendant's direct appeal, must be presented in that direct appeal or it is waived."). And, as just discussed, a federal habeas court cannot entertain any federal claim unless the state prisoner has first presented that claim in state court. *Bland*, 459 F.3d at 1011.

Second, Bradford contends he did not exhaust claims two and three, and some portions of claim one, because he did not discover the factual predicates of these claims until August 2021, when he received discovery and the trial record from the attorney appointed to represent him in a federal criminal case. Dkt. No. 1 at 8-11; Dkt. No. 18 at 7-8, 17-18; Dkt. No. 19 at 4-5. But Oklahoma's postconviction procedures permit a state prisoner to seek postconviction relief if the prisoner "claims . . . that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice." Okla. Stat. tit. 22, § 1080(d). And, as Quick aptly acknowledges, although "the fact that [Bradford] has already filed an application for post-conviction relief might curtail his chances of obtaining relief in a second

11

post-conviction proceeding, it does not render that process unavailable." Dkt. No. 16, at 14; *see* Okla. Stat. tit. 22, § 1086 (providing, in part, that claims not raised in an "original, supplemental or amended application" may be raised in a subsequent application if "the court finds a ground for relief asserted which for sufficient reason was not asserted . . . in the prior application"). Because Bradford has not given Oklahoma courts "the first opportunity to review his claim[s] and provide any necessary relief," *O'Sullivan*, 526 U.S. at 844, the Court finds that even if one or more of his claims could be deemed timely, the Petition must be dismissed for failure to exhaust available state remedies.[11]

## V.

Based on the foregoing, the Court concludes that Bradford did not exhaust available state remedies as to any of his claims before filing the Petition and that Bradford has not shown either that no remedies remain available or "that resort to them would be useless," *Miranda*, 967 F.2d at 398. Because Bradford's claims are unexhausted, the Court grants Quick's request to dismiss the Petition for failure to exhaust available state remedies and denies her request to dismiss the Petition as time barred. The Court therefore GRANTS in part and DENIES in part the Motion to Dismiss, and DISMISSES the Petition, without prejudice, for failure to exhaust available state remedies. In addition, the Court DENIES the Motion to Stay. Lastly, the Court DENIES a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural

---

[11] As previously discussed, Bradford requests a stay of this habeas proceeding. And district courts may, in some circumstances, stay a habeas proceeding and hold a petition in abeyance so that a petitioner may return to state court and exhaust available state remedies. *Rhines v. Weber*, 544 U.S. 269, 276 (2005); *Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 736 (10th Cir. 2016). But Bradford does not seek a stay so that he can exhaust his unexhausted claims. Rather, he seeks a stay so that he can obtain the trial record to further develop his claims. Dkt. No. 3. And, as Quick argues, his request for a stay on that basis is moot because Bradford repeatedly states in the Petition that he obtained the trial record and discovery in August 2021. Dkt. No. 17. For these reasons, the Court DENIES the Motion to Stay.

dismissal of the Petition on exhaustion grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that:

1. The Clerk of Court shall note on the record the substitution of Christe Quick in place of Jim Farris as party respondent.

2. Quick's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred, or in the alternative, for Failure to Exhaust Necessary State Remedies [Dkt. No. 15] is GRANTED in part and DENIED in part.

3. Bradford's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody [Dkt. No. 1] is DISMISSED without prejudice for failure to exhaust available state remedies.

4. Bradford's Request for Stay and Abeyance of Proceedings on Petition for Post Conviction Relief [and] Writ of Habeas Corpus [Dkt. No. 3] is DENIED.

5. A certificate of appealability is DENIED.

6. A separate judgment shall be entered in this matter.

Dated this 13th day of June, 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

13